**ELD-013**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4217
_____

IN RE: BRUCESTAN JORDAN,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civil Action No. 10-cv-04398)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.

December 7, 2011

Before: SLOVITER, FISHER and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 14, 2011)
_____

OPINION
_____

PER CURIAM

Brucestan Jordan, proceeding pro se and in forma pauperis, has filed a petition for

a writ of mandamus, apparently requesting that this Court order: (1) the Superior Court of

New Jersey to stay a criminal action, and (2) the United States District Court for the

District of New Jersey to act on the lawsuit that he filed under 42 U.S.C. § 1983.

1

Mandamus is a drastic remedy that is granted only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It may be "used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (internal citation and quotation omitted). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Here, there is no basis for granting the petition for a writ of mandamus, as Jordan does not have a "clear and indisputable" to the relief requested. First, to the extent that he asks this Court to stay the state court proceedings, state courts are not "inferior courts," over which we have mandamus power, and we lack the ability to compel action by state courts or officials in connection with state court proceedings. See In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981).

Second, Jordan also appears to seek an order compelling the District Court to rule on his 42 U.S.C. § 1983 complaint and/or his motion for a preliminary injunction. Although district courts are generally given discretion to control their dockets, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), an appellate court may issue a writ of mandamus when an undue delay in adjudication is "tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79. At this time, there is no basis for

2

compelling the District Court to act, as the matter appears to be progressing in a timely manner. The District Court granted Jordan's motion to reopen the proceedings in April 2011, denied his application for counsel in July 2011, and granted his motion to supplement the proceedings in October 2011. Jordan's motion for a preliminary injunction was docketed in April 2011, and thus has been pending for several months. While the decision on this motion may be considered to be delayed, such a delay is not extraordinary. We are confident that the District Court will timely take action. Accordingly, Jordan's petition for a writ of mandamus will be denied.